UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DONTREAL RASHIRD DAVIS　　　　　　CIVIL ACTION NO. 14-cv-0410

VERSUS　　　　　　　　　　　　　　　JUDGE HICKS

CAPITAL ONE AUTO FINANCE　　　　　MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

　　Dontreal Rashird Davis ("Plaintiff"), who is self-represented, filed this civil action against Capital One Auto Finance. The entirety of the complaint is as follows:

> I am filing suit against Capital One Auto Finance based on the fact that they repossess my car wrongfully. Took my money and I had a warranty that I paid $1,200.00 for asked them to take that so I could get my car back they said could not do so.

　　The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

　　Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of alleging facts and otherwise establishing that jurisdiction exists. Aetna v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986). The only potential grounds on which a federal court

might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 or (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff's complaint does not state which of those, if either, he relies upon.  The court has carefully examined the complaint and determined, for the reasons that follow, that this court does not have subject-matter jurisdiction to hear Plaintiff's complaint.

**Diversity Jurisdiction**

Section 1332 requires complete diversity of citizenship and an amount in controversy that exceeds $75,000, exclusive of interest and costs.  Assuming Plaintiff and Capital One are of diverse citizenship, there is no allegation in the complaint that indicates the amount in controversy exceeds $75,000.  The only monetary figure referred to is $1,200.  There is no hint that Plaintiff had an interest in the repossessed car that exceeded $75,000 in value.

**Federal Question Jurisdiction**

There is also no apparent basis for the exercise of federal question jurisdiction under Section 1331.  The well-pleaded complaint rule determines whether a federal claim is presented in the complaint sufficient to give rise to subject-matter jurisdiction.  The rule requires the complaint to set forth a federally created right or require resolution of a substantial question of federal law.  <u>Chuska Energy Co. v. Mobil Exploration & Producing North America, Inc.</u>, 854 F.2d 727, 730 (5th Cir. 1988). There is no federal jurisdiction if the plaintiff pleads only state law causes of action. <u>Gutierrez v. Flores</u>, 543 F.3d 248, 252 (5th Cir. 2008).

Plaintiff does not cite any federal laws that would provide him a cause of action under the facts alleged, and the court's review of the complaint does not reveal a basis for any such claim. It appears that Plaintiff's complaint would rely on state law theories of breach of contract or violation of state laws regarding repossession of automobiles. Plaintiffs often come to federal court and attempt to set forth a civil rights claim pursuant to 42 U.S.C. § 1983, but that statute applies only when a defendant is acting under color of state law. Capital One is a private entity, not a state actor. Assuming Capital One resorted to the state courts in connection with the repossession, merely pursuing a foreclosure action in a state court does not make a party a state actor for Section 1983 purposes. Modelist v. Miller, 445 Fed. Appx. 737, 740 (5th Cir. 2011); Earnest v. Lowentritt, 690 F.2d 1198, 1201-02 (5th Cir. 1982) (finding that initiation of foreclosure proceedings does not constitute state action for purposes of Section 1983). It is possible, as explained in Earnest, for state action to exist if a private party exercises certain pre-judgment seizure statutes without benefit of a hearing, and other requirements are met, but there are no allegations in the complaint that would permit a finding of such conditions. Plaintiff's bare assertion that Capital One repossessed his car wrongfully is insufficient to meet his burden of pleading a federal claim.

**Conclusion**

Federal courts have limited jurisdiction to hear only certain kinds of cases. Plaintiff's complaint does not satisfy his obligation of presenting facts that show this case is one of those over which the court may exercise jurisdiction. If Plaintiff wishes to pursue his claim

against Capital One, he will have to do so in a state court that has jurisdiction and is a proper venue.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of February, 2014.

                                                                               Mark L. Hornsby
                                                                               U.S. Magistrate Judge